**Scott SMITH, Plaintiff,**

v.

**Dennis GERBER, Defendant.**

**No. 98 C 7995.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 7, 1999.

Richard James Grossman, Steinberg, Burtker & Grossman, Ltd, Chicago, IL, for Scott Smith, plaintiff.

Scott Norris, Law Offices of Scott Norris, Chicago, IL, for Dennis–Gerber, defendant.

## MEMORANDUM OPINION AND ORDER

KENNELLY, District Judge.

On December 2, 1997, plaintiff Scott Smith was a flight attendant working on an American Airlines flight traveling from Manchester, England to Chicago. Defendant Dennis Gerber, a passenger, allegedly grabbed Smith by the apron and began ranting at him and then repeatedly punched Smith in the face. Gerber was charged criminally with interference with a flight attendant in violation of 49 U.S.C. § 46504, and on July 8, 1998, a jury found him guilty of that offense. Smith then filed this civil action, asserting claims of assault and battery and negligence.

Smith has moved for summary judgment on liability under the doctrine of collateral estoppel. In his response, Gerber has challenged this court's subject matter jurisdiction. Diversity of citizenship is lacking, but Smith claims that we have subject matter jurisdiction pursuant to the federal question provision of 28 U.S.C. § 1331(a), arguing that a private right of action exists under the criminal statute under which Gerber was convicted, 49 U.S.C. § 46504 and the "special maritime jurisdiction" established by 18 U.S.C. § 7, as well as two statutes which no longer exist, 49 U.S.C.App. §§ 1472(k)(1) and 1301(34)(d)(i). It is Smith's burden to show that subject matter jurisdiction exists. *E.g., NLFC, Inc. v. Devcom Mid–America, Inc.,* 45 F.3d 231, 237 (7th Cir.), *cert. denied,* 515 U.S. 1104, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995).

Smith first argues that his complaint alleges a cause of action for damages under 49 U.S.C. § 46504, the criminal statute under which Gerber was convicted. He asserts that there is precedent for implying a private right of action from a federal criminal statute in similar circumstances, citing *Chumney v. Nixon,* 615 F.2d 389 (6th Cir.1980). *Chumney* involved an assault aboard an international flight en route to the United States that was over

Brazil at the time of the assault. The plaintiff argued that the assault violated a criminal assault statute, 18 U.S.C. § 113, and that the federal court had jurisdiction of plaintiff's civil claim under the same statutes upon which Smith relies here, namely 18 U.S.C. § 7 and former 49 U.S.C.App. § 1472(k)(1) and § 1301(34)(D)(i). The Sixth Circuit concluded that these statutes indicated that Congress "has undertaken to apply federal law to American (and other) aircraft while such aircraft are en route from an airport in the United States or are returning from a foreign country directly to an airport in the United States." *Chumney,* 615 F.2d at 391. The court went on to hold that the plaintiff had a civil right of action for a violation of the criminal assault statute.

Gerber contends that courts may not recognize a private right of action under a statute that does not provide for one unless persuasive evidence exists that Congress intended to create such a right, evidence that Gerber claims is lacking here. As the Supreme Court has made clear, the ultimate issue is whether Congress intended to create a private right of action. *E.g., Karahalios v. National Federation of Federal Employees, Local 1263,* 489 U.S. 527, 532, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989). Unless such an intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy does not exist. *Id.* at 532–33, 109 S.Ct. 1282.

■ The Seventh Circuit, following the Supreme Court's lead, has been reluctant to imply a private right of action absent strong evidence of legislative intent. "Courts seldom imply a private right of action where none appears in the statute, for 'a strong presumption exists against [their] creation....'" *Mallett v. Wisconsin Division of Vocational Rehabilitation,* 130 F.3d 1245, 1249 (7th Cir.1997). The presumption against implying a private right of action is even stronger when the federal statute in question is criminal. "Express provisions for criminal prosecu-

tion and administrative enforcement ... without a corresponding provision for private enforcement, generally establish that private enforcement is inappropriate." *Israel Aircraft Industries Ltd., v. Sanwa Business Credit Corporation,* 16 F.3d 198, 200 (7th Cir.1994) (citing *Karahalios,* 489 U.S. at 533, 109 S.Ct. 1282; *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979)). In addition, "a statute proscribing particular conduct but not identifying specific beneficiaries—for example, a statute forbidding murder or burglary—generally is enforced by public prosecutors, with private enforcement only if the statute creates an express right of action." *Israel Aircraft,* 16 F.3d at 200. As the Seventh Circuit noted in *Israel Aircraft,* no Supreme Court case during the last generation recognizes a private right of action to enforce a statute cast in the form of a criminal prohibition. *Id.* at 200–01.

■ Section 46504 is a criminal statute prohibiting interference with a flight attendant; the only "remedy" it provides is a criminal penalty. The statute does not provide for a private right of action, nor is there anything in its language or structure suggesting that Congress intended to create one. And there is likewise nothing in the statute's legislative history indicating congressional intent to create a private remedy. The Court holds that § 46504 does not give rise to a private civil remedy.

■ Smith also relies on two no longer existing federal statutes, 49 U.S.C.App. §§ 1472(k)(1) and 1301(34)(d)(i). These sections have been subsumed by 49 U.S.C. § 46501, which creates "special aircraft jurisdiction" for criminal prosecutions involving crimes such as air piracy. We think it clear that Congress intended to limit this "special aircraft jurisdiction" to criminal prosecutions and did not intend to create a private remedy for all wrongs alleged to have taken place on flights with their destination in this country (the upshot of plaintiff's argument). The only case holding that Congress' creation of

"special aircraft jurisdiction" for the purpose of certain prosecutions gives rise to a private civil remedy is *Chumney v. Nixon,* which we do not believe either the Seventh Circuit or the Supreme Court would follow.

Finally, Smith relies on 18 U.S.C. § 7, concerning the "special maritime and territorial jurisdiction of the United States." However, this statute merely defines the "special maritime and territorial jurisdiction *as used in this title,*" i.e., Title 18, the criminal code. It does not create or even hint at an intent to create a private civil remedy. For the same reasons discussed earlier, this statute does not provide a basis for subject matter jurisdiction of plaintiff's claims.

### Conclusion

Plaintiff has an available remedy for the conduct alleged: a state common law action for assault and battery. There is no need to infer a federal civil remedy from the criminal statutes upon which plaintiff relies. None of the statutes cited by plaintiff gives rise to a private cause of action. This case is dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.